Honorable Marc Barreca
Chapter 7

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| In Re: | ) | |
| PRADYUMNA KUMAR SAMAL and SAGARIKA SAMAL, | ) ) ) | Case No. 10-10673 |
| Debtors. | ) ) | |
| UNITED STATES TRUSTEE, | ) ) | Adversary No. |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT TO DENY DEBTORS' DISCHARGE |
| PRADYUMNA KUMAR SAMAL and SAGARIKA SAMAL, | ) ) ) | |
| Defendants. | ) ) | |

The United States Trustee, for claims against defendants Pradyumna Kumar Samal and Sagarika Samal (together, the "Defendants"), asserts and alleges:

**PARTIES**

1. The plaintiff is the United States Trustee for Region 18, which includes the Western District of Washington. The United States Trustee has standing to bring this action under 11 U.S.C. §§ 307 and 727(c)(1).

2. The Defendants are the debtors in the above-captioned chapter 7 bankruptcy case.

COMPLAINT TO DENY DISCHARGE - 1

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

**JURISDICTION AND VENUE**

3. This is an adversary proceeding to deny the Defendant's discharge, brought pursuant to 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4), and (a)(5), and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

5. Venue is proper pursuant to 28 U.S.C. § 1409(a).

**FACTUAL ALLEGATIONS**

6. On January 26, 2010 (the "Petition Date"), the Defendants filed a voluntary chapter 7 petition in the Western District of Washington, case no. 10-10673 (the "Chapter 7 Case"). In conjunction with the Chapter 7 Case the Defendants filed schedules of assets and liabilities (each a "Schedule" and collectively, the "Initial Schedules"), and a statement of financial affairs (the "SOFA").

7. The Defendants signed the Initial Schedules and SOFA under penalty of perjury as being true and correct.

8. Edmund J. Wood was appointed as the chapter 7 trustee (the "Trustee").

9. The initial meeting of creditors was held on February 25, 2010 (the "Creditors' Meeting").

10. At the Creditors' Meeting, the Defendants each testified: that he/she had signed the Initial Schedules and SOFA; he/she had read the Initial Schedules and SOFA prior to signing them; the information in the Initial Schedules and SOFA was true and correct when signed; that all assets and creditors were listed in the Initial Schedules; and that there were no errors or omissions in the Initial Schedules or SOFA to the Trustee's attention.

11. On March 1, 2010, the Court granted an ex parte application of the United States Trustee and entered an Order directing the Bankruptcy Rule 2004 examination of the Defendants.

12. On March 2, 2010, the Defendants filed amended Schedules B, C, D and F (each, and "Amended Schedule" and collectively, the "Amended Schedules").

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

13. On July 13, 2010, the United States Trustee took the Bankruptcy Rule 2004 examination of the Defendants (the "Examination").

14. The Defendants testified at the Examination that the Amended Schedules were true and correct.

15. On Initial Schedule B no. 2, the Defendants listed a total of four bank accounts as open on the Petition Date. All of the identified accounts are at Wells Fargo.

16. On Initial Schedule B no. 5, the Defendants stated that they had collections or collectibles worth $500.

17. On Initial Schedule B no. 7, the Defendants stated that they had "Furs and Jewelry" worth $3,000.

18. On Initial Schedule B no. 13, the Defendants listed their only stock interests as being in "Minecode, LLC, Saltmine, LLC, Minecode Marketing LLC, Minecode Consulting Inc., SMC, Inc." with a total value of $10,000.

19. On Initial Schedule B no. 16, the Defendants marked "None" with respect to accounts receivables.

20. On SOFA no. 1, the Defendants state that they received $86,875 and $0 income from employment or the operation of a business in 2009 and 2010, respectively.

21. On SOFA no. 2, the Defendants marked "None" with respect to the amount of income they received other than from employment or the operation of their business during the two years prior to the Petition Date.

22. On SOFA no. 3, the Defendants list insider transfers of salary in the sum of $15,000 paid semi-monthly. No other insider transfers within one year of the Petition Date are listed.

23. On SOFA no. 10, the Defendants marked "None" with respect to property transferred outside the ordinary course in the two years prior to the Petition Date.

24. On SOFA no. 11, the Defendants marked "None" with respect to financial accounts closed within one year of the Petition Date.

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

25. On SOFA no. 18, the Defendants identified the following as the only applicable entities: Mindcode LLC, Saltmine LLC, Minecode Marketing LLC, SMC Inc., and Minebrain Inc.

26. On or about February 15, 2009, Defendant Pradyumna Samal provided a Net Worth Statement to the United States Probation Department as part of the conditions arising from a prior criminal conviction (the "Net Worth Statement").

27. The Net Worth Statement lists, among other things, the following assets:

    a. a bank account at Axis Bank located in Gurgaon, Haryana, India, with a balance of $185,000 (the "Axis Account");

    b. a bank account at HDFC Bank located in Gurgaon, Haryana, India, with a balance of $30,000 (the "HDFC Account");

    c. stock in Topaz Bridge in Seattle, WA, ("Topaz") with a fair market value of $750,000 (the "Topaz Interest");

    d. an ownership interest in Minecode Solution PVT LTD located in Haryana, India, with a fair market value of $6,000,000 (the "Minecode India Interest";

    e. securities in Indian funds or companies with a total fair market value of over $600,000 (the "Indian Securities");

    f. real estate in Gurgaon, Haryana, India, purchased in 2008 for $550,000 that is unencumbered and that has a fair market value of $600,000 (the "Gurgaon Property");

    g. real estate in Orissa, India, purchased in 2006 for $200,000 that is unencumbered and that has a fair market value of $350,000 (the "Orissa Property"); and

    h. Gold and silver located at his residence with a fair market value of $50,000 (the "Gold and Silver").

28. Defendant Pradyumna Samal reviewed and initialed each page of the Net Worth Statement.

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

29. The Axis Account was not disclosed on the Initial Schedules or SOFA.

30. The Defendants have not produced bank statements or any other documents relating to the Axis Account .

31. The HDFC Account was not disclosed on the Initial Schedules or SOFA.

32. The Defendants have not produced bank statements or any other documents relating to the HDFC Account.

33. In January 2008, the Defendants transferred $50,000 from one of their personal bank accounts at Wells Fargo Bank to Topaz to purchase an interest therein.

34. At some point in the six years prior to the Petition Date, Defendant Pradyumna Samal was a Director of Topaz.

35. The Topaz Interest or involvement was not disclosed on the Initial Schedules or SOFA.

36. The Minecode India Interest was not disclosed on the Initial Schedules or SOFA.

37. The Indian Securities, or disposition thereof, was not disclosed on the Initial Schedules or SOFA.

38. The interest in the Gurgaon Property was not disclosed on the Initial Schedules or SOFA.

39. The Defendants have not produced any documents relating to the purchase, ownership, or transfer of the Gurgaon Property.

40. The interest in the Orissa Property was not disclosed on the Initial Schedules or SOFA.

41. The Defendants have not produced any documents relating to the purchase, ownership, or transfer of the Orissa Property.

42. The Gold and Silver, or disposition thereof, is not disclosed on the Initial Schedules or SOFA.

43. The Defendants have not produced any documents relating to the purchase, ownership, or transfer of the Gold and Silver.

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

44. In addition to the Axis Account and the HDFC Account discussed above, the Defendants had one or more other bank accounts open on the Petition Date, or that were closed within one year of the Petition Date, that were not disclosed on the Initial Schedules or SOFA, including, without limitation, one or more accounts at ICICI Bank in India (the "ICICI Account") (collectively, the "Other Accounts").

45. The Defendants have not produced bank statements or any other documents relating to the ICICI Account.

46. On or about August 19, 2008, the Defendants received a 6% convertible promissory note from Cootendy Corporation in the face amount of $35,000 (the "Cootendy Note"). The Cootendy Note has never been paid or otherwise satisfied.

47. The Cootendy Note is not disclosed on the Initial Schedules or SOFA.

48. On the Petition Date, the Defendants, directly or indirectly through Saltmine LLC, were entitled to 25,250 options to purchase stock in BlingoBlango, Inc. pursuant to an agreement signed on November 5, 2009 (the "BB Options").

49. The BB Options, or the value associated with the BB Options, were not disclosed on the Initial Schedules or SOFA.

50. In 2009, the Defendants maintained and used a checking account at Wells Fargo Bank, no. xxx6501, in the name of Minecode USA LLC (the "Minecode Account").

51. In 2009, the Defendants maintained and used a checking account at Wells Fargo Bank, no. xxx5948, in the name of Saltmine LLC (the "Saltmine Account").

52. The Defendants routinely commingled and moved funds between their personal bank accounts, the Minecode Account, and the Saltmine Account.

53. In 2009, the Defendants transferred at least $360,000 in funds from the Minecode Account to bank accounts in India owned or controlled by the Defendants (the "Minecode Account Transfers").

54. In 2009, the Defendants maintained and used a checking account at Wells Fargo Bank, no 9449, in their personal names ("Account 9449").

COMPLAINT TO DENY DISCHARGE - 6

55. In 2009, the Defendants transferred at least $196,000 from Account 9449 to bank accounts in India owned or controlled by the Defendants, including at least $72,000 in December 2009 (the "Account 9449 India Transfers").

56. During 2009, the Defendants transferred at least $250,000 from Account 9449 to the Minecode Account (the "Account 9449 Minecode Transfers").

57. During 2009, the Defendants transferred at least $50,000 from Account 9449 to the Saltmine Account (the "Account 9449 Saltmine Transfers").

58. During 2009, the Defendants deposited into Account 9449 over $550,000 in transfers from the Minecode Account and the Saltmine Account (the "2009 Business Income"), including approximately $130,000 in December 2009.

59. On or about January 8, 2009, the Defendants sold securities held in a Wells Fargo investment account for approximately $98,000 (the "WF Securities Sale").

60. The WF Securities Sale, and receipt of the proceeds, was not disclosed in the SOFA.

61. In 2007, the Defendants sold the assets of one of their entities, Minecode LLC, to Long Top Financial for over $10,000,000. The Defendants received over $6,000,000 in net proceeds from the sale (the "Long Top Proceeds").

62. On the Petition Date, the Defendants had an interest in Minebrain, Inc., an entity incorporated in the State of Washington in January 2010 (the "Minebrain Interest").

63. The Minebrain Interest is not disclosed on the Initial Schedules or the SOFA.

## FIRST CLAIM FOR RELIEF

11 U.S.C. § 727(a)(2)

(Transfer or Concealment of Assets)

64. Paragraphs 6 through 63 are hereby incorporated.

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

65. The Defendants, with intent to hinder, delay, or defraud a creditor or the Trustee, transferred and/or concealed property within one year before the Petition Date and/or property of the estate after the Petition Date, including, without limitation:

    a. the Axis Account, HDFC Account, ICICI Account, and Other Accounts and any funds therein;

    b. the Topaz Interest;

    c. the Minecode India Interest;

    d. the Minebrain Interest;

    e. the interest, transfer, disposition, or receipt of sale proceeds relating to the Indian Securities;

    f. the interest, transfer, disposition, or receipt of sale proceeds relating to the Gurgaon Property;

    g. the interest, transfer, disposition, or receipt of sale proceeds relating to the Orissa Property;

    h. the Cootendy Note;

    i. the BB Options;

    j. the Minecode Account India Transfers;

    k. the Account 9449 India Transfers;

    l. the Account 9449 Minecode Transfers; and

    m. the Account 9449 Saltmine Transfers.

## SECOND CLAIM FOR RELIEF

11 U.S.C. § 727(a)(3)

[Failure to Maintain Financial Records]

66. Paragraphs 6 through 63 are hereby incorporated.

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

67. The Defendants have failed to keep or preserve recorded information from which their financial condition or business transactions might be ascertained including, without limitation, with respect to:

    a. the Indian Securities;

    b. the Gurgaon Property;

    c. the Orissa Property;

    d. purpose, use, or other disposition of the funds transferred to India;

    e. the Minecode India Interest; and

    f. disposition of the Long Top Proceeds.

68. The Defendants' failure to maintain or preserve financial records was and is not justified under all the circumstances of the case.

## THIRD CLAIM FOR RELIEF
11 U.S.C. § 727(a)(4)(A) & (D)

(False Oaths or Accounts & Withholding of Financial Information)

69. Paragraphs 6 through 63 are hereby incorporated.

70. The Defendants signed the Initial Schedules and SOFA under penalty of perjury as true and correct, when they were in fact materially false.

71. The Initial Schedules and SOFA failed to disclose or inadequately disclosed at least the following:

    a. the Axis Account, HDFC Account, ICICI Account, and Other Accounts;

    b. the Topaz Interest;

    c. the Minecode India Interest;

    d. the Minebrain Interest;

    e. the interest, transfer, disposition, or receipt of sale proceeds relating to the Indian Securities;

    f. the interest, transfer, disposition, or receipt of sale proceeds relating to the Gurgaon Property;

COMPLAINT TO DENY DISCHARGE - 9

        g.       the interest, transfer, disposition, or receipt of sale proceeds relating to the Orissa Property;

        h.       the Cootendy Note;

        i.       the BB Options;

        j.       the Minecode Account India Transfers;

        k.       the Account 9449 India Transfers;

        l.       the Account 9449 Minecode Transfers;

        m.       the Account 9449 Saltmine Transfers;

        n.       the 2009 Business Income; and

        o.       the WF Securities Sale and receipt of the proceeds thereof.

72. Most, of the foregoing were also not disclosed on the Amended Schedules.

73. The Defendants falsely testified at the Creditors' Meeting that the Initial Schedules and SOFA were true and accurate.

74. The Defendants falsely testified at the Examination that the Amended Schedules were true and accurate.

75. The false oaths set forth above relate to material facts.

76. The false oaths set forth above were made with fraudulent intent.

77. The false oaths set forth above were made in or in connection with the case.

### FOURTH CLAIM FOR RELIEF

11 U.S.C. § 727(a)(5)

(Failure to Explain Loss of Assets)

78. Paragraphs 6 through 63 are hereby incorporated.

79. The Defendants cannot satisfactorily account for, without limitation, disposition of the funds they transferred to India in 2009, the Indian Securities, the Gurgaon Property, the Orissa Property, and the Gold and Silver.

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

WHEREFORE, the United States Trustee prays for relief as follows:

A. That the Court enter a judgment denying the discharge of the Defendants pursuant to 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4), and (a)(5); and

B. For such other and further relief as the Court deems just and equitable.

DATED this 17th day of July, 2010.

Respectfully submitted,

Robert D. Miller Jr.
United States Trustee

By:   /s/ Martin L. Smith
     Martin L. Smith, WSBA #24861
     Attorney for United States Trustee

COMPLAINT TO DENY DISCHARGE - 11

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)